UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

---

JUDY DOE

                                                  Docket No.

       Plaintiff

   -vs-

ERIC R. GREITENS, GOVERNOR
      OF THE STATE OF MISSOURI,
JOSH HAWLEY, ATTORNEY GENERAL
      OF THE STATE OF MISSOURI,
DAVID A. POGGEMEIER, M.D., CHAIRMAN
      OF THE MISSOURI BOARD OF
      REGISTRATION FOR THE HEALING ARTS,
JADE D. JAMES, M.D., SECRETARY
      OF THE MISSOURI BOARD OF
      REGISTRATION FOR THE HEALING ARTS,
JAMES A. DIRENNA, D.O., MEMBER
      OF THE MISSOURI BOARD OF
      REGISTRATION FOR THE HEALING ARTS,
SARAH MARTIN, PHD, MEMBER
      OF THE MISSOURI BOARD OF
      REGISTRATION FOR THE HEALING ARTS,
KATHERINE J. MATTHEWS, M.D., MEMBER
      OF THE MISSOURI BOARD OF
      REGISTRATION FOR THE HEALING ARTS
DAVID E. TANNENHILL, D.O., MEMBER
      OF THE MISSOURI BOARD OF
      REGISTRATION FOR THE HEALING ARTS
JOHN DOE I and JOHN DOE II

       Defendants

---

**COMPLAINT**

Plaintiff Judy Doe, by her attorney W. James Mac Naughton, alleges as follows:

1

**Parties**

1. Plaintiff Judy Doe is an adult and competent woman who is pregnant.

2. Plaintiff is a resident of Missouri and plans to have an abortion in St. Louis, Missouri.

3. Plaintiff is a member of The Satanic Temple, an association of politically aware Satanists, secularists and advocates for individual liberty.

4. Judy Doe is not Plaintiff's real name; Plaintiff needs to keep her real name confidential because this action involves her most intimate personal beliefs and she will be subject to personal attack for bringing this action.

5. Defendant Eric Greitens is the Governor of the State of Missouri.

6. Defendant Josh Hawley is the Attorney General of the State of Missouri.

7. Defendant David A. Poggemeier, M.D is the Chairman of the Missouri Board of Registration of the Healing Arts (the "Board").

8. Defendant Jade D. James, M.D., is the Secretary of the Board.

9. Defendant James A. DiRenna, D.O., is a Member of the Board.

10. Defendant Sarah Martin, PhD is a Member of the Board.

11. Defendant Katherine Matthews M.D., is a Member of the Board.

12. Defendant David E. Tannehill, D.O., is a Member of the Board.

13. Defendants David A. Poggemeier, M.D., Jade D. James, M.D., James A. DiRenna, D.O., Sarah Martin, PhD, Katherine Matthews M.D. and David E. Tannehill, D.O. are referred to herein jointly and severally as the Board Defendants.

14. Defendants Eric Greitens, Josh Hawley and the Board Defendants are referred to herein jointly and severally as the State Defendants.

15. Defendants John Doe I and John Doe II are medical professionals licensed by the State of Missouri to deliver healthcare services in Missouri (the "Healthcare Defendants").

16. The Healthcare Defendants are physicians or qualified professionals within the meaning of Mo. Rev. Stat. §§ 188.015, et seq. and subject to regulation by the Board Defendants.

17. John Doe I and John Doe II are not the real names of the Healthcare Defendants. Plaintiff does not know the real names of the Healthcare Defendants. Moreover, Plaintiff needs to keep the real names of the Healthcare Defendants confidential to protect her privacy because this action involves Plaintiff's most intimate personal beliefs and disclosure of the identities of the Healthcare Defendants could subject her and them to personal attack for Plaintiff bringing this action.

18. State Defendants and their agents and officers are responsible for the enforcement of Missouri state law for the regulation of abortions set forth in Mo. Rev. Stat. §§ 188.015, et seq.

19. The Healthcare Defendants are obligated by Mo. Rev. Stat. §§ 188.015, et seq. to perform or assist in performing an abortion in the manner established by the statute.

## Jurisdiction

20. The Court has jurisdiction over the case pursuant to 28 U.S.C. §1331 as the claims arise under 42 U.S.C. §1983.

## Venue

21. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) as the events giving rise to the claims occurred and will occur in this district.

22. This is an action for declaratory relief pursuant to 42 U.S.C. §1983 as all Defendants are acting under color of state law to deprive Plaintiff of her constitutional rights under the Establishment and Free Exercise Clauses (the "Religion Clauses") in obtaining an abortion in a manner required by her religious beliefs as an adherent to the tenets of The Satanic Temple.

**Facts Common to All Counts**

23. Mo. Rev. Stat. § 188.027.1(2) requires that prior to providing Plaintiff with an abortion, the Healthcare Defendants must deliver to her a booklet prepared by the Missouri Department of Health and Senior Services (the "Booklet").

24. The Booklet states, in pertinent part, "The life of each human being begins at conception. Abortion will terminate the life of a separate, unique, living human being" (the "Missouri Tenets").

25. The Missouri Tenets communicate the religious belief that human tissue *in utero* that is not viable ("Human Tissue") is, starting at conception, a unique human being with a life of its own, separate and apart from the woman whose uterus it occupies.  Implicit in this belief is that the destruction of Human Tissue is morally wrong.

26. The Missouri Tenets are believed by some but not all people in Missouri, including without limitation members of the Catholic Church and some evangelical and fundamentalist Christian congregations.

27. The Booklet contains detailed descriptions and images of the anatomical and physiological characteristics of Human Tissue at two-week gestational increments from conception to full term.  The description includes statements such as:

    A. "The fetal heartbeat can be detected with a Doppler or heart monitor;"

    B. "The fetal heartbeat can now be heard with a stethoscope;"

    C. "The fetus can blink, grasp, and move its mouth;"

    D. "If the hand floats to the mouth, the fetus may suck its thumb;"

    E. "The fetus hears the mother's sounds such as her heartbeat, breathing and speaking;"

    F. "The fetus sleeps and wakes regularly;"

    G. "At least by 22 weeks of gestational age, the fetus possesses all the anatomical structures, including pain receptors, spinal cord, nerve tracts, thalamus, and cortex, which are required to feel pain," a statement required by Mo. Rev. Stat. § 188.027.1(5).

28. Mo. Rev. Stat. § 188.027.1(4) requires that prior to providing a woman with an abortion, the Healthcare Defendants "shall provide the woman with the opportunity to view . . . an active ultrasound of the unborn child and hear the heartbeat of the unborn child if the heartbeat is audible" (the "Ultrasound Opportunity"). The Ultrasound Opportunity must include "the dimensions of the unborn child, and accurately portray[] the presence of external members and internal organs, if present or viewable, of the unborn child."

29. Mo. Rev. Stat. § 188.027.1(4) requires the Healthcare Defendants to wait seventy-two hours after the Ultrasound Opportunity before providing Plaintiff with an abortion (the "72 Hour Waiting Period").

30. Mo. Rev. Stat. § 188.027.12 requires the Healthcare Defendants to wait twenty-four hours after the Ultrasound Opportunity before providing Plaintiff with an abortion if the 72 Hour Waiting Period is enjoined by the Court (the "24 Hour Waiting Period.")

31. Mo. Rev. Stat. §188.027.3 requires Plaintiff to certify in writing that she has received the Booklet and the Ultrasound Opportunity before she may get an abortion the "Certification Requirement").

32. The Booklet, the Ultrasound Opportunity, the 72 Hour Waiting Period, the 24 Hour Waiting Period and Certification Requirement are referred to herein jointly and severally as the Missouri Lectionary.

33. The purpose of the Missouri Lectionary is to "inform" Plaintiff the Missouri Tenets are true.

34. The effect of the Missouri Lectionary is to:

   A. Encourage Plaintiff to believe the Missouri Tenets are true and forgo an abortion; and

   B. Compel Plaintiff to wait and consider the Missouri Tenets and Missouri Lectionary for at least three (3) days before getting an abortion; and

   C. Cause Plaintiff doubt, guilt and shame for getting an abortion.

35. The Healthcare Defendants are required by law to deliver the Missouri Lectionary to Plaintiff.

36. The Healthcare Defendants are subject to sanction by the Board Defendants if they do not deliver the Missouri Lectionary to Plaintiff.

37. The Missouri Lectionary is delivered when Plaintiff has already decided to get an abortion.

38. Plaintiff, as a members of The Satanic Temple, holds the following religious beliefs (the "Satanic Tenets"):

   A. A woman's body is inviolable and subject to her will alone;

6

    B. She makes decisions regarding her health based on the best scientific understanding of the world, even if the science does not comport with the religious or political beliefs of others;

    C. Human Tissue is part of her body;

    D. She alone decides whether to remove Human Tissue from her body; and

    E. She may, in good conscience, have the Healthcare Defendants remove Human Tissue from her body on demand and without regard to the current or future condition of the Human Tissue;

    F. She must not comply with any law that directly or indirectly, conditions her getting an abortion in a manner antithetical to the Satanic Tenets, including without limitation any law that serves no medical purpose or purports to protect the interests of her Human Tissue.

39. Plaintiff does not believe the Missouri Tenets are true. Specifically, she does not believe:

    A. The life of a human being begins at conception; or

    B. Abortion terminates "the life of a separate, unique, living human being;" or

    C. Abortion is morally wrong.

40. The Missouri Tenets and Missouri Lectionary are irrelevant to Plaintiff in making her decision to get an abortion because she believes Human Tissue can be removed

from her body on demand and, in good conscience, without regard to the current or future condition of the Human Tissue.

41. Neither the Missouri Tenets nor the Missouri Lectionary are medically necessary for Plaintiff to make an informed decision to get an abortion.

42. Women can and do routinely have safe abortions on demand throughout the country using established medical procedures and without consideration of the Missouri Tenets or the Missouri Lectionary.

### First Count – Violation of the Establishment Clause

43. Plaintiff repeats and re-alleges ¶¶ 1 to 42.

44. All people have the right to formulate, hold, change or reject their own belief of whether Human Tissue is the life of a separate and unique human being that begins at conception (the "Freedom to Believe When a Human Being Comes Into Existence").

45. All women who are contemplating getting an abortion in Missouri have the right, pursuant to the First Amendment, to exercise their Freedom to Believe When a Human Being Comes Into Existence and act upon their belief without interference or influence by the State of Missouri.

46. All people have the right to formulate, hold, change or reject their own belief of whether abortion prior to viability of Human Tissue is morally right or wrong (the "Freedom to Believe Abortion is Not Immoral").

47. All women who are contemplating getting an abortion in Missouri have the right, pursuant to the First Amendment, to exercise their Freedom to Believe Abortion is Not Immoral and act upon their belief without interference or influence by the State of Missouri.

48.     The purpose and effect of the Missouri Tenets and Missouri Lectionary are to promote the religious belief that Human Tissue is, from conception, a separate and unique human being whose destruction is morally wrong.

49.     The creation, distribution and enforcement of the Missouri Lectionary promotes the Missouri Tenets in violation of the Establishment Clause of the First Amendment because the State of Missouri is using its power to regulate abortion to promote some, but not all, religious beliefs that Human Tissue is, from conception, a separate and unique human being whose destruction is morally wrong.

50.     The Missouri Tenets and Missouri Lectionary foster an excessive entanglement between the State of Missouri and adherents to the religious belief that Human Tissue is a separate and unique human being from conception whose destruction is morally wrong.

51.     Neither the Missouri Tenets nor the Missouri Lectionary promote the religious belief that Human Tissue is part of a woman's body that may be removed on demand in good conscience and without consideration of the current or future condition of the Human Tissue.

52.     Defendants are acting under color of state law in the creation, distribution and enforcement of the Missouri Lectionary to promote the Missouri Tenets.

53.     Defendants have infringed on Plaintiff's rights under the Establishment Clause in violation of 42 U.S.C. §1983 in the creation, distribution and enforcement of the Missouri Lectionary to promote the Missouri Tenets.

54.     Plaintiff has been and will be irreparably injured by that violation because the Missouri Tenets and Missouri Lectionary are forced upon her with the intent and purpose to cause her guilt for believing The Satanic Tenets and not believing the Missouri Tenets.

9

WHEREFORE, Plaintiff respectfully requests the entry of an order that:

A. Declares the Missouri Tenets null and void; and

B. Declares Mo. Rev. Stat. §§ 188.027.1(2), (4) and (5); 188.027.3; and 188.027.12 are null and void; and

C. Declares she may obtain an abortion without complying with Mo. Rev. Stat. §§ 188.027.1(2) (4) and (5); 188.027.3; and 188.027.12

D. Declares Healthcare Defendants may provide Plaintiff with an abortion without complying with Mo. Rev. Stat. §§ 188.027.1(2) (4) and (5); 188.027.3; and 188.027.12; and

E. Enjoins State Defendants, their officers and agents from enforcing Mo. Rev. Stat. §§ 188.027.1(2), (4) and (5) and 188.027.3 or 188.027.12 against Plaintiff;

F. Directs State Defendants to pay Plaintiff's reasonable attorney fees and costs; and

G. Grants Plaintiff any additional relief the Court deems just and proper.

### SECOND COUNT – FREE EXERCISE VIOLATION

55. Plaintiff repeats and re-alleges ¶¶ 1 to 54.

56. The Missouri Tenets and Missouri Lectionary discriminate between a viewpoint that adheres to the Missouri Tenets and those viewpoints that do not. Specifically, but not by way of limitation, the Missouri Tenets and Missouri Lectionary do not mention the Satanic Tenets or the scientific fact that an umbilical cord makes Human Tissue part of a woman's body.

57. The Missouri Tenets and Missouri Lectionary substantially burden Plaintiff's ability to act in accordance with The Satanic Tenets. That burden includes, without

limitation, forcing Plaintiff to act and forgo acting in a manner that violates her belief in The Satanic Tenets as a condition for getting an abortion in Missouri.

58.     The Missouri Lectionary and Missouri Tenets have caused and will cause Plaintiff to endure guilt, doubt and shame because she believes The Satanic Tenets and does not believe the Missouri Tenets.

59.     Defendants have infringed on Plaintiff's rights under the Free Exercise Clause in violation of 42 U.S.C. §1983 in the creation, distribution and enforcement of the Missouri Lectionary to promote the Missouri Tenets.

60.     Plaintiff has been and will be irreparably injured by the stigmatic injury the Missouri Tenets and Missouri Lectionary force on her as an adherent to The Satanic Tenets.

WHEREFORE, Plaintiff respectfully requests the entry of an order that:

A.      Declares the Missouri Tenets null and void;

B.      Declares Mo. Rev. Stat. §§ 188.027.1(2), (4) and (5); 188.027.3; and 188.027.12 are null and void;

C.      Declares Plaintiff may obtain an abortion without complying with Mo. Rev. Stat. §§ 188.027.1(2) (4) and (5); 188.027.3; and 188.027.12;

D.      Declares the Healthcare Defendants do not need to comply with Mo. Rev. Stat. §§ 188.027.1(2) (4) and (5); 188.027.3; and 188.027.12 in providing an abortion to Plaintiff;

E.      Enjoins Defendants, their officers and agents from enforcing Mo. Rev. Stat. §§ 188.027.1(2), (4) and (5) and 188.027.3 or 188.027.12 against Plaintiff;

F.      Directs State Defendants to pay Plaintiff's reasonable attorney fees and costs; and

  G. Grants Plaintiff any additional relief the Court deems just and proper.

February 28, 2018

                *W. James Mac Naughton*
                W. James Mac Naughton
                7 Fredon Marksboro Road
                Newton, NJ 07860
                732-634-3700 (o)
                732-875-1250 (f)
                wjm@wjmesq.com
                Bar ID No. 701985NJ
                Attorney for Plaintiff The Satanic Temple