# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JUDY DOE

        Plaintiff

  -vs-

ERIC R. GREITENS et al

Docket No. 4:18-cv-00339

**PLAINTIFF'S SUR-RESPONSE TO DEFENDANTS' REPLY MEMORANDUM**

### I. Plaintiff Has Not Abandoned Her Claim That the Waiting Period and Ultrasound Provisions Violate Her Rights Under the Religion Clauses.

Defendants argue Plaintiff has "abandoned her legal challenges to Missouri's waiting-period and ultrasound provisions." See Defendants' Reply Memorandum filed June 5, 2018, ECF No. 21 ("Defendants' Reply Memo") at p. 1. That is not true.

The Complaint specifically alleges the waiting period and ultrasound opportunity are an integral part of the Missouri Lectionary. See Complaint at ¶32 ("The Booklet, the Ultrasound Opportunity, the 72 Hour Waiting Period, the 24 Hour Waiting Period and Certification Requirement are referred to herein jointly and severally as the Missouri Lectionary"). The Complaint specifically alleges the Missouri Lectionary is used to coerce Plaintiff into believing the Missouri Tenets are true and inflict guilt, doubt and shame on Plaintiff when she continues to adhere to the Satanic Tenets. See Complaint at ¶34 ("The effect of the Missouri Lectionary is to: a) encourage Plaintiff to believe the Missouri Tenets are true and forgo an abortion; and

1

b) compel Plaintiff to wait and consider the Missouri Tenets and Missouri Lectionary for at least three (3) days before getting an abortion; and c) cause Plaintiff doubt, guilt and shame for getting an abortion.")

Plaintiff's Opposition to Defendants' Motion to Dismiss, filed May 29, 2018, ECF No. 20 ("Plaintiff's Opposition") repeatedly refers to the Missouri Lectionary, i.e. the entire collection of procedures including the waiting period and ultrasound requirement, as violating Plaintiff's rights under the Religion Clauses. See Plaintiff's Opposition at pp. 4, 7, 8, 9, 10 and 11. Plaintiff specifically argues "[t]he three-day waiting period, a core piece of the Missouri Lectionary, illustrates the coercive pressure the State of Missouri places on Plaintiff to change her mind. Even a four-year old understands the concept of 'time out.'" Defendants' argument that Plaintiff abandoned her claims regarding the waiting period and ultrasound opportunity has no merit.

## II. *Gonzales* Did Not Rule a Fetus is a "Member of the Human Species."

Defendants cite *Gonzales v. Carhart*, 550 U.S. 124 (2007) ("*Gonzales*") in support of their argument the U.S. Supreme Court has found "the fetus or embryo is a living member of the human species." Defendants' Reply Memo at p. 6. The U.S. Supreme Court made no such finding. *Gonzalez* is consistent with the Satanic Tenet that a fetus is part of a woman's body when the *Gonzales* Court said, "a fetus is a living organism while within the womb." *Gonzales* and all of the other authorities cited by Defendant are silent on the question presented by this case of whether the removal of that organism from the womb before viability terminates "the life of a separate, unique living human being," i.e., abortion is murder. That is a religious question, not a scientific question and certainly not a political question. See *McGowan v. Maryland*, 366 U.S. 420, 465-466, 81 S.Ct. 1218, 1156-1157, 6 L.Ed.2d 393 (1961) (Frankfurter, J. concurring)

(The Establishment Clause "withdraws from the sphere of legitimate legislative concern and competence a specific, but comprehensive area of human conduct: man's belief or disbelief in the verity of some transcendental idea and man's expression in action of that belief or disbelief." [internal quotations and citations omitted]).

Plaintiff is not seeking to use public funds like the plaintiff in *Trinity Lutheran Church of Columbia, Inc. v. Comer*, 137 S.Ct. 2012, 198 L.Ed.2d 551 (2017) to support of her religious beliefs. Nor is she asking for a license to commit a crime because of her religious beliefs, like the plaintiffs in *Employment Division, Department of Human Resources of Oregon v. Smith,* 494 U.S. 872, 110 S.Ct. 1595, 108 L.Ed.2d 876 (1990). Plaintiff is asking the Court to protect her right under the Religion Clauses to formulate her own "transcendental idea" about when the organism in her womb is sufficiently imbued with humanity to be protected by the moral strictures against murder. That is the very essence of a transcendental idea, i.e., a religious belief. Defendants – and the people who put them in office – want the Court to rule that a human being comes into existence at conception as a matter of scientific fact.[1] The Court cannot make that determination any more than it can definitively rule God exists.

When presented with the question of whether the Missouri Tenet violates the Establishment Clause, the U.S. Supreme Court said in *Webster v. Reproductive Health Services*, 492 U.S. 490, 506-07, 109 S.Ct. 3040, 106 L.Ed.2d 410 (1989):

> It will be time enough for federal courts to address the meaning of [the Missouri Tenet] preamble should it be applied to restrict the activities of appellees in some concrete way. Until then, this Court is not empowered to decide abstract

---

[1] The veracity of the "scientific facts" purportedly delivered by the Missouri Lectionary – and Plaintiff's right to ignore them - are completely irrelevant to the formulation of Plaintiff's belief about when a human being comes into existence. See Complaint at ¶40. *Abington School District v. Schempp*, 374 U.S. 203, 225, 83 S.Ct. 1560, 1573, 10 L.Ed.2d 844 (1963) (Reading Bible verses at the start of the school day violates of the Establishment Clause even if students may leave the room.)

3

propositions, or to declare, for the government of future cases, principles or rules of law which cannot affect the result as to the thing in issue in the case before it. We therefore need not pass on the constitutionality of the [Missouri Tenet] [internal quotations and citations omitted]

This case presents that question, which remains unanswered by any Court, with the sole exception of the Eight Circuit.

### III. Plaintiff Does Not Need to Expressly Plead Her Religious Beliefs are "Honest" or Sincere.

Defendants argue the Complaint must be dismissed because Plaintiff does not expressly allege her religious beliefs in the Satanic Tenets are honest or sincere. Defendants' Reply at p. 12. This argument asks the Court to ignore the established rules of pleading that general allegations embrace those specific facts that are necessary to support the claim. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992); *Wieland v. U.S. Dep't of Health and Human Serv*., 793 F.3d 949, 954 (8th Cir. 2015). The complaint must be sustained if relief could be granted "under any set of facts that could be proved consistent with the allegations." *National Organization for Women, Inc. v. Scheidler*, 510 US 249; 256 (1994); *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984). By this standard, Plaintiff has alleged her religious beliefs are sufficiently sincere and honest to defeat a motion to dismiss.

June __, 2018

*/s/ W. James Mac Naughton*
W. James Mac Naughton
7 Fredon Marksboro Road
Newton, NJ 07860
732-634-3700 (o)
732-875-1250 (f)
wjm@wjmesq.com
Bar ID No. 701985NJ
Attorney for Plaintiff Judy Doe

4

**CERTIFICATE OF SERVICE**

       W. James Mac Naughton certifies that I served this pleading on the persons listed below by ECF on the date of this pleading was filed.

Josh Hawley
Attorney General
D. John Sauer
Deputy General Counsel
P.O. Box 899
Jefferson City, MO 65102
*Attorneys for Defendants*

                                                  */s/ W. James Mac Naughton*
                                                  W. James Mac Naughton